UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. FORD,

    Applicant,

v.                                                     CASE NO. 8:22-cv-927-SDM-AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

    Ford applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for forty counts of possessing ten or more images of child pornography, for which convictions Ford is imprisoned for twenty-five years. The respondent correctly argues (Doc. 5) that the application is untimely, which argument Ford has not opposed.

    Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the limited response (Doc. 5) the respondent requests dismissal of the application as time-barred. Ford files neither a reply in support of his application nor an opposition to the request to dismiss the application as time-barred.[1] Because he has not replied or otherwise opposed the request, Ford fails to contest the respondent's calculation of the limitation.

The respondent's exhibits show that the application is untimely. Moreover, the dates disclosed in Ford's statement of timeliness in the application (Doc. 1 at 17) also show the application's untimeliness because Ford's calculation relies on tolling for a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, but that motion failed to toll the limitation because the state court dismissed the motion as untimely.[2] (Respondent's Exhibit 38)

Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing

---

[1] The certificate of service attests that the response was mailed to Ford's place of imprisonment when he applied under Section 2254, and a review of the website for the Florida Department of Corrections shows that Ford remains imprisoned at the same location.

[2] In his application Ford admits that the motion was "denied as untimely." (Doc. 1 at 3)

fee." As a consequence, only an application timely filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."); *Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*); and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."). Likewise, Ford's later state Rule 3.800 motion to correct illegal sentence (Respondent's Exhibit 43) failed to toll the expired limitation.

Lastly, Ford's application shows a possible basis for neither equitable tolling of the limitation nor the actual innocence exception to the limitation.

Ford's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Ford and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ford is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Ford must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he does not dispute the application's untimeliness, Ford is entitled to neither a COA nor leave to appeal *in forma pauperis*.

      A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Ford must obtain permission from the circuit court to appeal *in forma pauperis*.

      ORDERED in Tampa, Florida, on August 15, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE